UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAN MAJELLA FREEMAN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | NO: 2:14-CV-0012-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 11, 13. Plaintiff is represented by Jeffrey Schwab. Defendant is represented by Richard A. Morris. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe as or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ FINDINGS

Plaintiff filed an application for supplemental security income on June 14, 2007. Tr. 21, 107–09. Plaintiff's claim was denied initially and on reconsideration. Tr. 83–86, 90–91. Plaintiff requested a hearing before an ALJ which was held on August 6, 2009. Tr. 33–61, 374–402. The ALJ rendered a decision denying Plaintiff supplemental security income on August 31, 2009. Tr. 21–30. The Appeals Council denied Plaintiff's request for review on July 27, 2010, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1–4; 20 C.F.R. §§ 404.981, 416.1484, 422.210.

Plaintiff sought review of the decision in the U.S. District Court for the Eastern District of Washington. 10-CV-0328-CI. On February 6, 2012, Magistrate Judge Cynthia Imbrogno granted Plaintiff's request for summary judgment and remanded the matter to the Commissioner for additional proceedings. Tr. 438–49. The Appeals Council remanded the case to an ALJ with instructions to offer Plaintiff the opportunity for a hearing, to take any further action needed to complete the administrative record, and to issue a new decision. Tr. 452.

1    A new hearing was held on February 19, 2013.  Tr. 374–402.  The ALJ

2  rendered a decision denying Plaintiff supplemental security income on March 22,

3  2013.  Tr. 351–62.

4    At step one, the ALJ found that Plaintiff had not engaged in substantial

5  gainful activity since June 13, 2007.  Tr. 353.  At step two, the ALJ found that

6  Plaintiff had the following severe impairment:  osteoarthritis of the cervical spine

7  and mild impairment of liver function.  *Id.*  At step three, the ALJ found that

8  Plaintiff did not have an impairment or combination of impairments that met or

9  medically equaled a listed impairment.  *Id.*

10    The ALJ then concluded that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 416.967(b).  The claimant is able to sit for six hours in an eight hour workday and stand/walk for six hours in an eight hour workday.  He is able lift/carry up to 20 pounds occasionally and 10 pounds occasionally.  He can never climb ladders, ropes, and scaffolds and he can occasionally climb stairs and ramps.  He can occasionally balance, stoop, crouch, crawl, and kneel.  He can occasionally reach overheard.  He is limited to moderate exposure to hazards including commercial driving, heavy equipment, and unprotected heights.

16  Tr. 354.  The ALJ found, at step four, that Plaintiff was unable to perform any past

17  relevant work.  Tr. 361.  At step five, the ALJ found that, considering Plaintiff's

18  age, education, work experience, and RFC, there exist significant numbers of jobs

19  in the national economy that Plaintiff could perform.  Tr. 361.  On that basis, the

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. Tr. 362.

The Appeals Council denied Plaintiff's request for review on November 12, 2013, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 328–31; 20 C.F.R. §§ 404.981, 416.1484, 422.210.

## ISSUES

Plaintiff raises three issues for review. First, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's mental impairments. ECF No. 11 at 4–7. Second, Plaintiff argues that the ALJ erred in giving significant weight to the testimony of a medical expert who testified at the second hearing. *Id.* at 7–13. Finally, Plaintiff argues that the ALJ made an improper finding regarding Plaintiff's credibility. *Id.* at 13–18.

## DISCUSSION

### A. Evaluation of Mental Impairment

Plaintiff argues that the ALJ failed to properly consider his asserted mental impairment of depression. ECF No. 11 at 6. Specifically, Plaintiff contends that "the substantial evidence in the file supports a diagnosis of depression. . . . There is simply no evidence suggesting that the claimant does not suffer from a mental health impairment. The record shows a consistent history of diagnosis and treatment for this condition." *Id.* at 6.

A claimant bears the burden at step two to demonstrate that his depression significantly limits his mental ability to do work activities. 20 C.F.R. § 416.920(a)(4)(ii), (c); *Lockwood*, 616 F.3d at 1071. The burden continues to fall upon a claimant at steps four and five to demonstrate that his mental impairments affect his RFC such that he cannot perform past relevant work or any other work in the national economy. 20 C.F.R. § 416.920(a)(4)(iv)-(v); *Lockwood*, 616 F.3d at 1071. In short, the burden is upon the claimant to present substantial evidence that his depression significantly limits his ability to do work activities such that he can no longer perform relevant work given his age, education, and work experience. So long as an ALJ considers all asserted limitations in formulating a claimant's RFC to apply at steps four and five, any error to specifically include or discuss an asserted limitation at step two is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 311 (9th Cir. 2007).

The ALJ did not discuss Plaintiff's alleged depression at step two. Tr. 353. The ALJ did, however, discuss Plaintiff's alleged depression in determining Plaintiff's RFC. Tr. 358–59. The ALJ observed that Plaintiff did not testify at either his first or second hearing regarding his mental health symptoms or any limitations they created, "suggesting the alleged depressive symptoms were not significant." Tr. 358. The ALJ also observed that there are no mental health counseling records nor any indication in the record that Plaintiff sought mental

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

health counseling. *Id.* at 358–59. The ALJ concluded that Plaintiff's depression did not more than mildly limit his activities of daily living, his social functioning, or his concentration, persistence, and pace. Tr. 359. At the hearing, the ALJ noted "that there is mention in 2008 of depression. However, it was identified as situational depression with no ongoing treatment." Tr. 397. On these bases, the ALJ did not include depression as a factor affecting Plaintiff's RFC.

Plaintiff does not specifically contest these bases for the ALJ's conclusion that his depression was not severe and was not to be included as a limiting factor in the RFC. Instead, Plaintiff contends that the "substantial evidence makes it abundantly clear that a severe mental health impairment is present." ECF No. 11 at 6. Despite mentions of depression in the progress notes of Dr. Daniel Sagern and Mariann Williams, ARNP, nothing in the record indicates that any depressive symptoms limited Plaintiff's work capacity in any manner. *See* Tr. 197–210, 261–62. It was Plaintiff's burden to produce that evidence. As the record stands, the ALJ's interpretation of the evidence is reasonable and must therefore be upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record . . . and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision.").

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

In fact, Plaintiff acknowledges that the record lacks evidence establishing that his depression limited his capacity to perform basic work activities. ECF No. 11 at 6 ("Plaintiff once again argues that the record is not complete as to his mental health impairment. Specifically . . . the severity of the impairment is underdeveloped in the record."). Plaintiff argues, based on this lack of evidence, that the ALJ erred by not ordering a consultative examination of Plaintiff's mental health. *Id.*

The Commissioner may ask claimants to attend consultative examinations at the expense of the Social Security Administration. 20 C.F.R. § 416.912(e). The decision to purchase such an examination is made on an individual case basis according to set regulations applicable at ALJ hearings as well as in initial determinations and reconsiderations. 20 C.F.R. § 416.919. In general, the Commissioner "may purchase a consultative examination to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [the claimant's] claim." 20 C.F.R. § 919a(b); *see also* 20 C.F.R. § 416.917. The Commissioner has broad latitude in ordering such consultative examinations. *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001). However, "[t]he government is not required to bear the expense of an examination for every claimant." *Id.* "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

In his first appeal to the District Court, Plaintiff requested the magistrate to order a consultative examination on remand. The magistrate did not order such an examination. Tr. 449. There is no indication in the record that Plaintiff made further efforts to request a consultative examination on remand. In a June 14, 2012, letter confirming Plaintiff's second ALJ hearing, the Commissioner notified Plaintiff that if there was additional evidence Plaintiff felt the ALJ needed in order to properly consider his claims, Plaintiff should contact the Commissioner for help in obtaining that information. TR. 458–59. Nothing in the record indicates that Plaintiff contacted the Administration to obtain a consultative examination prior to his second hearing, nor does Plaintiff make such an assertion in his current appeal. At the outset of his second hearing, the ALJ inquired whether any medical documents were missing that were material to Plaintiff's case. Tr. 377. Plaintiff's counsel confirmed that nothing material was missing. *Id*. Plaintiff made no argument to the ALJ that the record was incomplete or inadequate, or that a consultative examination was necessary.

The Court will not assign error to the ALJ for failing to order a consultative examination *sua sponte* without any suggestion at the time that the record was inadequate. Moreover, Plaintiff has not established that the record was in fact

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

inadequate for a proper evaluation of the effects that his depression may or may not have had on his capacity to work. Plaintiff did not claim depression as a disabling impairment in his disability report. Tr. 124–32. Further, while the record indicates that Plaintiff was at times prescribed anti-depressants between 2006 and 2008, there is no indication, from the records or from Plaintiff's testimony, that Plaintiff's depression affected his capacity to work in any manner that would necessitate closer examination. The ALJ did not err in failing to order a consultative examination *sua sponte* for a condition that the medical record indicated did no more than mildly affect Plaintiff's capacity to perform work activities.

### B. Medical Expert Testimony

Plaintiff contends that the medical expert who testified at his hearing, Dr. Charles Plotz, "displayed clear bias in his testimony against Plaintiff, both in tone and substance." ECF No. 11 at 8. As such, Plaintiff argues that the ALJ erred in affording significant weight to Dr. Plotz's testimony.

It is the ALJ's duty to resolve questions of credibility and of conflicting medical testimony. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). If an ALJ's credibility determination is supported, the Court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The burden of proof rests upon the party asserting bias to demonstrate a

"conflict of interest or some other specific reason for disqualification." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

The ALJ gave significant weight to Dr. Plotz's testimony because "Dr. Plotz thoroughly supported his opinion through his testimony and his opinion is consistent with the evidence summarized [in the decision]." Tr. 360. Plaintiff has not argued that Dr. Plotz had a conflict of interest in the matter. Instead, Plaintiff takes exception to comments made by Dr. Plotz regarding the relationship between Plaintiff's EMG results, drinking habits, and credibility. Tr. 8–11. Plaintiff also takes exception to the tone of the medical expert, which Plaintiff contends was "confrontational." Tr. 10–11.

One reason reviewing courts grant great deference to an ALJ's credibility determinations is because an ALJ observes or hears a witness's testimony first-hand. Subjectively claiming that a witness's tone was "confrontational" does not offer assistance to a reviewing court reading a cold transcript. What is clear from reading the transcript of the hearing in this case is that Dr. Plotz did not believe Plaintiff's subjective complaints of the severity of his pain symptoms, based upon their inconsistency with EMG results and upon complications related to Plaintiff's alleged drinking problem. *See, e.g.*, Tr. 388 (". . . I do not think his pain is credible . . . ."). However, Plotz's incredulity does not demonstrate bias on its own. Plaintiff has not demonstrated a specific reason to disqualify Dr. Plotz as biased,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

nor that the ALJ erred in giving significant weight to Dr. Plotz's testimony as biased.  Ultimately, it is the ALJ's duty, not the medical examiner's, to determine the credibility of the Plaintiff and of his statements concerning the severity of his claimed symptoms.[1]  The Court now turns to Plaintiff's argument in this regard.

## C. Plaintiff's Credibility

Plaintiff contends that the ALJ made an improper credibility determination and erred by rejecting Plaintiff's subjective complaints about the severity of impairments caused by his back and neck pain.  ECF No. 11 at 13–18.  Defendant contends the ALJ properly evaluated Plaintiff's credibility.  ECF No. 13 at 18–22.

In social security proceedings, a claimant must prove the existence of a physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings."  20 C.F.R. §§ 416.908, 416.927.  A claimant's

---

[1] Plaintiff also argues that the ALJ erred in giving significant weight to Dr. Plotz's testimony because Dr. Plotz's medical conclusions were not based upon substantial evidence.  However, Plaintiff's only contention relates to the severity of his pain, not to any actual medical diagnosis.  As such, the Court's discussion below regarding the ALJ's evaluation of Plaintiff's credibility serves to address Plaintiff's contention that substantial weight supports a conclusion that he is severely limited contrary to the conclusion expressed by Dr. Plotz.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 416.908, 416.927. Once an impairment has been proven to exist, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

However, an ALJ may conclude that the claimant's subjective assessment is unreliable, so long as the ALJ makes "a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas*, 278 F.3d at 958; *see also Bunnell*, 947 F.2d at 345 ("[A]lthough an adjudicator may find the claimant's allegations of severity to be not credible, the adjudicator must specifically make findings which support this conclusion."). If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Here, the ALJ found that the medical evidence confirmed the existence of osteoarthritis of the cervical spine which could reasonably be expected to cause the alleged symptoms. Tr. 353, 355–56. However, the ALJ did not credit Plaintiff's testimony about the severity of his pain and its impact on his functional capacity. There is no evidence of malingering in this case, and therefore the Court must determine whether the ALJ provided clear and convincing reasons not to credit Plaintiff's testimony of the limiting effect of his back and neck pain. *Chaudhry*, 688 F.3d at 672. The Court concludes that the ALJ did provide clear and convincing reasons.

The ALJ found that "the medical evidence of record does not have objective findings which corroborate the extensive subjective complaints by the claimant." Tr. 356. The ALJ reviewed Plaintiff's treatment notes and concluded that, although there were mentions of pain and limitations of movement, they were vague and provided no objective support for the severity of pain symptoms that Plaintiff alleges. Tr. 356–58. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ also based her credibility determination on inconsistent statements made by Plaintiff. An ALJ may consider inconsistent statements in evaluating credibility. *See Thomas*, 278 F.3d at 958–59. First, Plaintiff testified at his first hearing in August 2009 that he was experiencing back spasms two to three times a week for at least the past two years. Tr. 417, 420. However, as the ALJ observed, the record indicates that Plaintiff has only reported back spasms to his health care providers on two prior occasions—in March 2006 and in November 2007. Tr. 253, 278, 358. In November 2007, Plaintiff reported that he suffered from back spasms on the average of one to two times a year, inconsistent with the much more frequent occurrence of back spasms to which he testified in August 2009.

Second, at his second hearing in February 2013 Plaintiff testified that he had consumed a beer four months previously, but "before that, it's been years." Tr. 391. Plaintiff testified that he quit drinking six years before, in 2006. *Id.* The ALJ found this statement was inconsistent with statements made to his treating medical providers that he was regularly drinking alcohol as recently as 2009. Tr. 359. A 2006 treatment note reports Plaintiff is "pretty much a drinker every day," consuming up to a case a day, though he tried not to drink before 10:00 a.m. and slowed down in the afternoons. Tr. 280. In 2007, Plaintiff reported he was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

drinking six to twelve beers every other day. Tr. 229. In 2009, Plaintiff reported drinking six to eight drinks per day, and when he was told Dr. Cynthia Hann would only perform surgery on his back if he quit smoking and drinking he stated he had no interest in quitting. Tr. 537, 548. These statements to his treating medical providers are inconsistent with his testimony at the hearing and provide an appropriate basis for the ALJ to determine Plaintiff's testimony was not credible.

The ALJ also based her credibility determination on her own observations that Plaintiff was able to sit for thirty-five to forty-five minutes at the hearing without any indication of discomfort. "[A]n ALJ's personal observations may be used . . . in the overall evaluation of the credibility of the individual's statements." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (internal quotation marks and citation omitted).

Finally, the ALJ did not wholly reject Plaintiff's testimony, but merely concluded that the severe limitations he experienced when suffering from back spasms were not credible. *See* Tr. 360 ("The claimant asserted he was significantly limited in his ability to sit, stand, and walk. However, this testimony was only related to when he had a back spasm."). The ALJ based this determination on the conclusion that the frequency of these back spasms was not what Plaintiff claimed at the hearing, thus limiting their impact on his overall functionality. *Id*. The ALJ gave clear and convincing reasons to find Plaintiff's statements were not credible

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

such that the Court can conclude the ALJ did not arbitrarily discredit claimant's testimony.[2]

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 18) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** March 6, 2015.



THOMAS O. RICE
United States District Judge

---

[2] The Court does not affirm the ALJ on grounds that Plaintiff's daily activities are inconsistent with his alleged limitations or that Plaintiff failed to fully discuss his child custody situation.  The Court must affirm the ALJ's credibility determination so long as the ALJ has provided valid reasons to find Plaintiff's testimony incredible, regardless of the validity of other offered reasons.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20